## No. 5157.

## DUGG CLARK *v.* THE STATE.

1. PLEADING.—COMPLAINT alleging that the affiant "has good reason to believe and does believe" that the allegations made in the complaint are true is not invalid by reason of that form of averring the charge preferred.

2. SAME—DEFACING PUBLIC BUILDINGS.—Complaint and information, otherwise good, which describes the building defaced as a "public building" that was "held for public use by Cooke county" is sufficient to charge the offense of defacing a public building.

3. SAME—CHARGE OF THE COURT.—The failure of the trial court to define the word "willful" in the charge given to the jury was error, but not reversible error, inasmuch as, the offense being a misdemeanor, it devolved upon the defendant to request a special charge to supply the omission, or to reserve exception to the omission.

4. SAME.—Special charges are properly refused if they announce incorrect principles of law, or if, being correct, they are substantially embraced in the general charge.

5. PRACTICE—DISQUALIFICATION OF JUDGES.—The fact that the title to a school house was vested in the county judge in his official capacity, for the use of the county, could not disqualify him to preside over a trial for defacing the said school house, and hence the motion to transfer this cause to the district court was properly overruled.

6. SAME—EVIDENCE.—The State, in this case, before the defendant could interpose an objection, proved the former trial and conviction of the defendant for this same offense, and the trial court refused to entertain a subsequent objection to the proof, and permitted it to go to the jury. *Held*, error. The statute specially provides that a former conviction shall not operate as a presumption of guilt, and inhibits allusion to it in argument. The evidence being illegitimate, and having been adduced before the defendant could interpose an objection, the court, upon the defendant's motion, should have withdrawn it from the jury, charging them that the same could not be considered in their deliberations upon their verdict.

7. SAME—PRIVILEGE OF COUNSEL.—The statement by the State's counsel in the concluding argument that seven good men had contributed to the employment of special prosecuting counsel, and that he could have proved certain facts with regard to which the court excluded evidence, had not the defendant objected, was an abuse of the privilege of argument which not only called for the condemnation of the trial court, but which would, of itself, work a reversal of the conviction.

APPEAL from the County Court of Cooke.    Tried below before the Hon. J. P. Hall, County Judge.

The conviction in this case was for defacing a certain public school house, and the penalty imposed was a fine of five dollars.

That the door of the Walling school house in Cooke county was split by being kicked open, and the lower sash of a window broken, on the night of February 14, 1885, was fully proved by the State, and not controverted by the defense. The State located the defendant and one James Blackburn together near the school house on that night, and adduced strong circumstantial evidence that the breaking was done by them.

James Blackburn testified, for the defense, in substance, that he and defendant left Mountain Springs in Cooke county, Texas, on the night of the alleged offense to attend a party at the house of one Kelley. The night was bitterly cold, and both witness and defendant had been drinking heavily. They reached Kelley's house after the party had broken up, and then started to witness's house. When they reached the Walling school house the witness found that defendant was very drunk and nearly frozen, and realized the immediate necessity of getting him to a fire, and out of the weather. With that object in view, the witness attempted to get into the school house by pressing the door and raising the window. Failing in both efforts, he broke the lower sash of one window and entered the room. Unable to open the door otherwise, he kicked it open. Defendant had nothing whatever to do with the breaking of either the door or window. He was no party to it, passive or active, and was too drunk to know that it was done. He did not go into the school house, nor did he even dismount from his horse. Finding no fire in the school house, witness took defendant to Brewer's house, where they passed the night. Witness was indicted for this offense, was placed on trial, pleaded guilty, and was fined twenty-five dollars and costs, aggregating one hundred and seventy-nine dollars, which he paid.

*Potter & Hughes,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge. A complaint which states that the affiant "has good reason to believe and does believe" that the accused has committed the offense charged is valid. (Code Crim. Proc., art. 236; Brown v. The State, 11 Texas Ct. App., 451.)

It is charged in the complaint and information that the building alleged to have been defaced was a "public building," and was "held for public use by Cooke county." These allegations bring the case fully within the statute and the decisions, and the information is a good one. (Penal Code, arts. 417, 418; Brown v. The State, 16 Texas Ct. App., 245; Pratt v. The State, 19 Texas Ct. App., 276; Willson's Crim. Forms, 297.)

There is no error in the charge of the court except that it omitted to instruct the jury as to the legal meaning of the word "willful." (Thomas v. The State, 14 Texas Ct. App., 200.) But the charge as given was not excepted to, nor did the defendant ask an instruction supplying this omission, and hence, this being a misdemeanor case, the error will not be revised. (Loyd v. The State, 19 Texas Ct. App., 321.) As to the special charges asked and refused, the first was substantially embraced in the court's charge, and the second does not, in our opinion, state the law.

It was not error to overrule defendant's motion to transfer the cause to the District Court because of the supposed disqualification of the county judge. The fact that the title to the school house was vested in said county judge, in his official capacity, for the use of the county, did not render him incompetent to try the cause. (W. & W. Cond. Rep., sec. 304; W. Cond. Rep., sec. 260.)

There had been a former trial and conviction of defendant in this case, and a new trial had been granted him. Upon the second trial, which resulted in the conviction now before us, the State proved by a witness the former conviction. A bill of exceptions shows that this proof was made before the defendant had time to interpose an objection to it, but that he at once, as soon as said testimony was delivered, objected to it, but it was permitted to go to the jury without instructions from the court that it should be disregarded by them. This testimony was not legitimate, and was calculated to prejudice the defendant. Hav-

ing been admitted without defendant having had an opportunity of objecting to it, it should have been excluded upon his motion, and the jury should have been cautioned and instructed by the court to disregard it, and to consider the case as if there had been no former trial and conviction therein. Our statute provides emphatically that the "former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in argument." (Code Crim. Proc., art. 783; Hatch v. The State, 8 Texas Ct. App., 416.) Neither should the State be allowed to prove it upon the subsequent trial. It is no part of the case, and such evidence is not admissible for any purpose.

It is shown by bills of exception that counsel for the State, in the concluding argument, stated that seven as good men as there were in the county had assisted in employing counsel to prosecute this case. This statement was outside of the record, was not legitimate argument, and was calculated to prejudice the defendant. Counsel should have been reprimanded by the court for making it, and the jury should have been told by the court to disregard it, and to treat it as it deserved to be treated —that is, as a covert and unwarranted attempt to improperly influence their minds against the defendant. Again, the same counsel for the State, in the closing argument, alluded to certain testimony offered by the State, and which had been rejected by the court, and stated that he could have proved certain facts by said testimony had not the defendant interposed objections. This was not legitimate argument, was injurious error, and should have been promptly and emphatically condemned by the court, and its injurious tendency, as far as possible, removed from the minds of the jury.

Because of the material errors above mentioned, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*