### Bibb Capps v. The State.

No. 1921.   Decided December 21, 1898.

**Exclusion of Illegal Testimony After Its Admission—Practice.**

Where illegal testimony has been admitted without objection, the accused has the right, in proper time, to move its exclusion; and if it is not excluded, upon proper exception reserved, the court on appeal will reverse the judgment. This rule applies, however, to testimony drawn out by the State, and not to illegal testimony elicited by the defendant.

Appeal from the District Court of Bosque. Tried below before Hon. J. M. Hall.

Appeal from a conviction for burglary; penalty, two years imprisonment in the penitentiary.

No statement necessary.

*Word, Dillard & Word,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

There was no error in overruling the motion to quash the indictment, nor the motion for continuance, as presented by the record. The application does not even pretend to show diligence, and the facts expected to be proved are stated in such a general way that they amount to nothing.

While the witness Barnes was upon the stand, without objection, the State was permitted to prove that defendant requested said Barnes not to let anyone see the pistol taken from him. This is the pistol shown to have been taken from the alleged burglarized house. Upon cross-examination, the defendant proved by this witness that he was under arrest at the time of making said statement. He then moved the court to exclude said testimony. The court, on objection of the State, refused to do so, because it came too late; and further, because "the defendant should not be permitted to experiment in such manner with the evi-

dence." Where illegal testimony has been admitted without objection, the accused has the right, in proper time, to move its exclusion; and, if it is not excluded, upon proper exception reserved, this court will reverse the judgment. Branch v. State, 15 Texas Crim. App., 96; Thomas v. State, 17 Texas Crim. App., 437; Phillips v. State, 22 Texas Crim. App., 139; Gose v. State, 6 Texas Crim. App., 121; Marshall v. State, 5 Texas Crim. App., 273; Rountree v. State, 10 Texas Crim. App., 110. Of course, this rule applies to testimony drawn out by the State, and not to illegal testimony elicited by defendant. Speights v. State, 1 Texas Crim. App., 551; Moore v. State, 6 Texas Crim. App., 563. For the error in refusing to exclude said testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*