J. B. HEARNE, ALIAS J. BRYANT HEARNE, v. THE STATE.

No. 3458.    Decided November 21, 1906.

**1.—Bigamy—Charge of Court—Common Law Marriage.**

Upon a trial for bigamy where the evidence showed a common law marriage, there was no error in the court's charge that whatever be the form of the ceremony or if there be no ceremony, if the parties agreed to take each other for husband and wife and from that time on live professedly in that relation, proof

beyond a reasonable doubt of these facts would be sufficient proof of a marriage binding on the parties.

### 2.—Previous Marriage—Burden of Proof.

Upon a trial for bigamy a charge by the court that if the jury believed beyond a reasonable doubt that the defendant was a married man before the second marriage and that his wife was alive at the time of the second marriage, did not shift the burden of proof from the State, and there was no error.

### 3.—Same—Evidence—Letters—Husband and Wife—Privileged Communications.

Where upon trial for bigamy certain letters were admitted in evidence alleged to have been written by defendant to his first wife, it was error not to have excluded the same upon motion from the consideration of the jury as privileged communications between husband and wife. Distinguishing Crow v. State, 72 S. W. Rep., 392.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of bigamy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant on file.

*J. E. Yantis,* Assistant Attorney-General, and *E. T. Branch,* for the State.—On question of admission of letters: Crow v. State, 72 S. W. Rep., 392.

BROOKS, JUDGE.—This conviction is for bigamy, with five years confinement in the penitentiary fixed as the punishment. The record shows that appellant married Mrs. C. Wilson, and afterwards married Miss Lula Ellis. Both of said marriages were abundantly established by oral and record evidence.

Appellant excepts to the following portion of the court's charge: * * * "Whatever be the form of the ceremony, or if there be no ceremony, if the parties agree to take each other for husband and wife, and from that time on live professedly in that relation, proof beyond a reasonable doubt of these facts would be sufficient proof of a marriage, binding on the parties." There is no error in this charge. While we hardly deem it necessary under the facts of this case for the court to have given the charge, still it could not have injured appellant. The first marriage was proved by a marriage certificate; and in addition that appellant lived with his first wife, and held her out as his wife. So if there had been no marriage license, still appellant had contracted a common law marriage. Waldrop v. State, 53 S. W. Rep., 130; Simon v. State, 31 Texas Crim. Rep., 186; Ingersoll v. McWillie, 9 Texas Civ. App., 555, 30 S. W. Rep., 56.

Appellant complains of the following charge: "If you do not believe beyond a reasonable doubt that the defendant married a woman, known as C. Wilson, and that she was alive at the time of his marriage to said Lula Ellis, then you will find him not guilty." Appellant's objection to this charge is, that the same places an extra unauthor-

ized burden upon defendant. The very converse is true. It places a burden upon the State, and properly placed the same upon the State, since the jury had to believe that appellant had been previously married before he could be convicted of bigamy under the second marriage.

Upon the trial the court permitted the introduction in evidence of certain letters, ten or twelve, alleged to have been written subsequent to the marriage of appellant with C. Wilson, which letters were written by appellant to her. The letters were admitted without any objection on the part of appellant. Subsequently appellant moved to exclude the same from the consideration of the jury, on the ground that they were privileged communications by husband to wife. Crow v. State, 72 S. W. Rep., 392, is cited to sustain the State's insistence that the testimony is admissible. However, the objection there urged was not that they are privileged communications, but that the testimony is remote. We hold that these letters were inadmissible. Letters of the wife to the husband, or husband to the wife, are not admissible evidence in a prosecution for bigamy. We will not mention these letters seriatim, but hold that upon another trial none of the letters should be introduced that come within that rule.

For the error indicated, the judgment is reversed and the cause remanded.                    *Reversed and remanded.*