### FRANK G. CORTEZ *v.* STATE

No. 29,150. October 9, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) November 20, 1957.

*Raul Villarreal, Theo Pat Henley, Leonard Brown, Sr.,* and *Maxwell Burket,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Morris Riley Edwards,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is possession of barbiturates; the punishment, six months in jail and a fine of $200.

Officers secured a search warrant for the purpose of searching the premises controlled by appellant, located at 816 Guadalupe Street in San Antonio, where narcotics were alleged to be unlawfully possessed.

The warrant, issued under the provisions of Art. 725(b) V.A.P.C., and the affidavit therefor appear to be regular on their face, and the validity thereof as authorizing a search for narcotics is not questioned.

As a result of the search the officers found no narcotics, but found according to their testimony a jar containing some 100 tablets, ten of which proved upon analysis to contain a derivative of barbituric acid.

Appellant, testifying as a witness in his own behalf, admitted

his possession of the barbiturates and said that he acquired them in the year 1952.

If there be merit in appellant's contention that evidence as to barbiturates found during a search under a valid warrant authorizing search for narcotics was inadmissible (and we see none), it would avail appellant nothing for he testified that he possessed the barbiturates.

Appellant contends that the statute under which he was prosecuted is ex post facto as to the offense charged because he lawfully acquired the barbiturates prior to the enactment of Art. 726(c) V.A.P.C.

Had the trial been before a jury and an instruction been sought in line with this contention, an interesting question might have been presented, both as to the statute being ex post facto as to the offense and as to limitation.

But the trial being before the court, appellant is in the same position as he would have been had a jury rejected his defense. The trial judge was not bound to accept his testimony as true.

Under the evidence, including his own testimony, appellant was not a "practitioner" or a "pharmacist" as defined in Art. 726(c) V.A.P.C. He was, according to his testimony, a funeral director, naturopathic physician and midwife and operated a maternity clinic.

We overrule the contention that he was exempt by reason of either or all of these occupations or professions under Subsections 3 and 4 of Art. 726(c) V.A.P.C.

The term "barbiturate" is defined in Art. 726(c) V.A.P.C. to mean "the salts and derivatives of barbituric acid, also known as malonyl urea, having hypnotic or somnifacient action, and compounds, preparations and mixtures thereof."

The indictment alleging the unlawful possession of barbiturates, in view of this definition, was sufficient without further allegation as to the type of barbiturate possessed.

The judgment is affirmed.