THELMA LOUISE WILLIAMS V. STATE.

No. 30,089. November 5, 1958.

*Duke & Melton (W. J. Duke* and *Gladys Melton),* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Homer G. Montgomery,* and *A. D. Jim Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of marijuana; the punishment, 15 years.

Officer Tuck of the Dallas police department testified that on the night in question he observed the appellant walking up and down a certain street and "contact different people on the street * * * mostly men," after which he placed her under arrest and, as he was seating her in the police automobile, she threw her purse down on the pavement, that he retrieved the purse, gave it to her, and shortly thereafter he saw her drop a cigarette which was rolled like a marijuana cigarette on the floorboard. He stated that he picked up the cigarette and carried it to the police station with the accused.

Appellant's confession was introduced in evidence in which she stated that she had just purchased the marijuana cigarette which she threw on the floor of the police car. It was established by the testimony of an expert that the cigarette introduced in evidence contained marijuana.

Appellant, testifying in her own behalf, denied the possession of any marijuana and claimed that the officer had gotten it from back of the automobile seat. She explained the confession by stating that she signed it only because the officers had told her that if she signed the same and helped them make cases on people involved in narcotics "that my case would never have to come up in court anymore."

She admitted having served a term in jail in California for contributing to the delinquency of a minor and a term in the Texas penitentiary for shoplifting. She also offered the testimony of her acquaintances who testified that they had never known the appellant to use marijuana.

The officers named by the appellant testified in rebuttal and denied having made any such promise to her.

We shall set out the evidence more fully in connection with our discussion of appellant's complaints in the order set forth in her brief.

She contends that the court erred in not granting a mistrial after some members of the jury had handled the envelope in which the officers had placed the cigarette in question. According to the bill of exception, the envelope contained the notation "Williams, Thelma Louise, Date 11-6-57, Time: 9:10 P.M., 2122 Leonard Streeet." The bill further recites, "There was much more writing on the front of the envelope, also some notations on the back of the envelope," but such further recitations are not set forth. If, however, we consider the copy which is made a part of the statement of facts, we find only the following additional notation: "Charge: Inv. Vio. State Norc. Law & Co. Vag." It seems to be the appellant's contention that the addition of the phrase "& Co. Vag.," which she says means "county vagrancy," constituted proof of another offense for which she was not on trial. Heretofore, in Watkins v. State, 165 Texas Cr. Rep. 20, 302 S.W. 2d 435, we recommended that labels on evidence contain the name of the accused, the date, and the officer's initials; however, in the case at bar Officer Tuck testified on cross-examination that the appellant was a "known prostitute," and we find no error in the bill.

Appellant next contends that the court erred in admitting the cigarette because the chain of custody was not properly shown.

When the cigarette was offered in evidence as State's Exhibit No. 1, the objection was as follows:

"* * * * We don't know whether this is the same envelope that was given to this Pattie Osborne by Lieutenant Day, and the same one that was turned over to Lieutenant Alexander or not."

We will limit our discussion of the custody to the parties named in the objection.

Lieutenant Day testified that he picked up State's Exhibit 1 from the police property room two days after the day charged in the indictment and carried it to the laboratory at Parkland Hospital, where he delivered it to the clerk, Pattie Osborne. Lieutenant Alexander, employed at the laboratory, testified that on the same day he received State's Exhibit 1 from Pattie Osborne and turned it over to Dr. Mason, who, in turn, testified that he made the examination of the exhibit.

We have concluded that custody in the light of the objection was sufficiently established.

At the conclusion of the state's evidence, appellant filed a motion requesting the court to withdraw from the jury's consideration the testimony of all the state's witnesses concerning the marijuana cigarette on the grounds that her arrest had been illegal. The record reflects that no objections were made on the the grounds contained in the motion at the time the witnesses testified.

Recently, in Alcala v. State, 163 Texas Cr. Rep. 453, 293 S.W. 2d 645, we had a comparable situation. There the marijuana cigarettes were introduced in evidence without objection, and the appellant sought to raise the question of the legality of his arrest for the first time in this court. There we said, "If the arrest was unlawful, the appellant should have objected to the introduction of the evidence at the time." In Spencer v. State, 157 Texas Cr. Rep. 496, 250 S.W. 2d 199, there was a motion to suppress, and we held that it became incumbent upon the accused to object to the introduction of the marijuana at the time it was offered and preserve the question by a proper bill of exception.

In view of the above, we need not pass upon the legality of the arrest of the appellant.

We find in the transcript what purports to be excerpts from the argument of the prosecution. The same fails to show that it has been approved by the court or counsel, and may not therefore be considered as a bill of exception.

Finding the evidence sufficient to support the conviction and

no reversible error appearing, the judgment of the trial court is affirmed.