LINDSEY WILLIAMS V. STATE.

No. 31,382. January 20, 1960.

*Otis Scruggs, Jr.,* Houston, for appellant.

*Dan Walton,* District Attorney, *James M. Shatto, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is carrying a pistol; the punishment, 60 days in jail.

Sheriff's investigator Schultea testified that, while on patrol on the night in question, he observed in the lighted room of a house a number of men standing around a table, that he and his partner approached the window, determined that the men were shooting dice and entered the house. He stated that as they entered the room appellant removed a pistol from his belt, pitched it under a cabinet, that he retrieved it and found it to be fully loaded.

Appellant did not testify in his own behalf but called one Jackson who testified that he had gone to the home of Joe Wolford with appellant but did not see any pistol on appellant's person, and first saw State's Exhibit #1 when the officer picked it up off the floor.

The sole contention raised on appeal is the authority of the officers to enter the house. Appellant is in no position to complain of the legality of the search for the following reasons:

1. The pistol was admitted in evidence without objection. Haykel v. State, 158 Texas Cr. Rep. 359, 255 S.W. 2d 1014; Alcala v. State, 163 Texas Cr. Rep. 453, 293 S.W. 2d 645; and Wyatt v. State, 162 Texas Cr. Rep. 134, 282 S.W. 2d 392.

2. Appellant's person was not searched. Tillman v. State, 162 Texas Cr. Rep. 618, 288 S.W. 2d 521, and Garcia v. State, 163 Texas Cr. Rep. 146, 289 S.W. 2d 766.

3. It was Joe Wolford's home. Paige v. State, 161 Texas Cr. Rep. 571, 279 S.W. 2d 344.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.