C. J. HUDSON V. STATE

No. 32,408. November 16, 1960

Appellant's Motion for Rehearing Overruled January 11, 1961

Hon. Pat Boone, Jr., Judge Presiding.

*Billy Hall,* Littlefield, for appellant.

*Curtis R. Wilkinson,* County Attorney, Littlefield, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the unlawful possession of whisky in a dry area for the purpose of sale; the punishment, a fine of $500.

Proof was offered that Lamb County was a dry area.

The testimony of three officers shows that on the search of appellant's house, they found eighteen pints of whisky.

Appellant, testifying in his own behalf, admitted that he had possession of eighteen pints of whisky in his house as shown by the state, but testified that he possessed it for his own personal use and not for sale. On direct examination he testified that he had told the officers that any time they wanted to search his place "Just go ahead." On cross-examination he confirmed his previous invitation to the officers to look over his place and even renewed his consent for them to do so while he was testifiying. A witness called by appellant supported his testimony that he possessed the whiskey for his own use.

The court in its charge applied the prima facie evidence rule in accordance with Art. 666--23a (2), V.A.P.C.

The evidence is sufficient to support the conviction.

Appellant attacks the sufficiency of the search warrant and on that ground contends that the court erred in admitting testimony showing the search and also erred in permitting the introduction of the whisky found as a result of the search. While testifying, the appellant admitted his possession of the whiskey as shown by the state, therefore, he is in no position to complain of the search and the admission of the whisky in evidence. Soble v. State, 153 Tex. Cr. R. 629, 218 S.W. 2d 195; Spencer v. State,

154 Tex. Cr. Rep. 106, 225 SW2d 174; Salinas v. State, 159 Tex. Cr. Rep. 619, 266 SW2d 388; Benavidez v. State, 164 Tex. Cr. Rep. 82, 296 SW2d 774; 13A Tex. Dig. 537, Crim. Law Key 1169 (3)c; 5 Tex. Jur. 2d Sec. 446, pp. 707-708; 3 Branch 2d Sec. 1330, p. 104.

It is contended that the charge to the jury in connection with the definition of prima facie evidence shifts the burden of proof to the appellant to prove his innocence.

An examination of the charge shows that the jury was instructed that if they found beyond a reasonable doubt that the appellant possessed more than one quart of whisky then such finding raised a presumption that such possession was for the purpose of sale, which presumption may be overcome by evidence showing that such possession was not for the purpose of sale.

The court charged the jury on the presumption of innocence, the burden of proof, and the application of the law of reasonable doubt.

Appellant's contention is overruled.

The other contentions presented have been considered and they do not show error.

The judgment is affirmed.

Opinion approved by the Court.