KENNETH L. BERNARD V. STATE

No. 34,065.    January 3, 1962
Rehearing Overruled February 14, 1962

*Coleman & Penman,* by *Herbert J. Coleman,* and *Kay Stevens* (on appeal only) all of Houston, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Frank Puckett,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for unlawfully carrying a pistol; the punishment, a fine of $100.

The testimony of Officer Seale, of the city of Houston, shows that in response to a radio dispatch about 6:30 A.M., regarding a suspicious appearing parked automobile, he found the appellant seated in the automobile on a public street; and that the appellant told him that he was watching a nearby house in an effort to see a man from whom he had purchased a truck, and that "he was out there to get his truck one way or another". The officer further testified that he found a loaded revolver-type pistol, with one spent shell, under the front seat and a shotgun in the back seat of the car in which the appellant was seated. He took possession of the pistol and identified it at the trial as the same one removed from appellant's car. Officer Wright's testimony substantially corroborates that of Officer Seale.

Testifying in his own behalf, the appellant admitted having the pistol and the shotgun in his car. He stated that he had just come from his place of business which he had been watching because it had been burglarized eleven times in the past four years, and that he intended to use the guns for protection if he caught a burglar in his place. On cross-examination, when appellant was asked if he had any other explanation for having the guns in his car, he replied: "I just happened to have the firearms, sir."

The appellant strenuously insists that the search of his automobile by Officer Seale was illegal, and that proof of the result of the search was therefore not admissible in evidence.

Appellant's failure to object at the time the pistol was introduced in evidence waived any complaint of the search. Williams

v. State, 166 Texas Cr. Rep. 617, 317 S.W. 2d 358; Williams v. State, 168 Texas Cr. Rep. 643, 331 S.W. 2d 214.

The record contains no formal bills of exception or objection to the court's charge.

The evidence is sufficient to sustain the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Presiding Judge.

Appellant complains of our holding that he waived any complaint as to the search by his failure to object at the time the pistol was introduced in evidence. He points to his objection as to what the officer found and the trial court's agreement that he had "a running objection to the fruits of the search", the defendant's contention being that any search was unlawful.

Assuming that the objection was sufficient, the admission of the evidence showing that a pistol was found in the automobile is not ground for reversal, the record containing a stipulation that the pistol introduced in evidence was under the front seat and was loaded, and that it was removed from appellant's car on the day in question; and appellant testified in regard to the two firearms he had in the car. Vogt v. State, 159 Texas Cr. Rep. 211, 258 S.W. 2d 795, cert. denied, 346 U.S. 901; Cortez v. State, 165 Texas Cr. Rep. 320, 306 S.W. 2d 713; Rodriguez v. State, 168 Texas Cr. Rep. 481, 329 S.W. 2d 282; Hudson v. State, 170 Texas Cr. Rep. 400, 391 S.W. 2d 448.

Appellant's motion for rehearing is overruled.