**David Wayne LOVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36333.

Court of Criminal Appeals of Texas.

Dec. 11, 1963.

 

Gene Starkey, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Richard P. Hogan, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is the unlawful possession of a dangerous drug: a barbiturate; the punishment, six months in jail.

Officers Strickland and Farrar of the Houston Narcotics Squad received information from a credible person that appellant would be driving a tan Plymouth automobile with Texas license number JA 3646 in about the 5200 block of Telephone Road, in Houston, and that he had narcotics in his possession.

Based on this information, the officers in less than ten minutes from the time of the receipt of such information stopped the appellant while he was driving a tan Plymouth automobile bearing Texas license number JA 3646 in the 5200 block of Telephone Road. On a search of the Plymouth, the officers found a piece of cellophane containing eleven green and white capsules in the middle of the front seat next to the driver. They further testified that they did not have time after the receipt of said information to obtain a search warrant.

Chemist McDonald testified that an analysis of four of the eleven capsules revealed that they contained a mixture of Amphetamine and a derivative of Barbituric acid.

The two officers also testified that from their observation of the appellant, they were of the opinion that appellant was under the influence of barbiturates at the time of his arrest.

Testifying in his own behalf, the appellant stated that while he was in a lounge on Telephone Road sometime after 11 p. m., a friend asked him to take her home, that he told her he would like to, but he did not have a car. At this time a car salesman offered him the use of his car, and he (appellant) went to a nearby parking lot, got the car, a Plymouth, and as he stopped in front of the lounge for his friend the officers stopped behind the Plymouth. The officers, after searching the car out of his presence, exhibited a package and said "Well, what about this?" Appellant further testified that he had never seen the package before, that the capsules were not his, and denied telling the officers it was his car.

The testimony of the friend he was preparing to take home corroborates the testimony of the appellant.

The jury resolved the fact issues against the appellant.

Appellant contends that the admission into evidence of the results of the search of the Plymouth was error on the ground that his arrest and the search incident thereto was illegal.

Officer Strickland, when recalled by the state as a witness, testified without objection, that he found the cellophane package containing the capsules in the Plymouth on the middle of the front seat next to the driver. Therefore appellant is not in position to complain of the search because the same or similar testimony was introduced without objection. 5 Tex.Jur.2d 704, Sec. 446; Hughes v. State, 163 Tex.Cr.R. 224, 289 S.W.2d 768; Garza v. State, 172 Tex. Cr.R. 468, 358 S.W.2d 622.

Further, the statement of appellant's counsel that "I have no objection your honor" at the time the capsules were introduced in evidence waived any complaint of the search. Wyatt v. State, 162 Tex.

Cr.R. 134, 282 S.W.2d 392; Williams v. State, 166 Tex.Cr.R. 617, 317 S.W.2d 537; Williams v. State, 168 Tex.Cr.R. 643, 331 S.W.2d 214; Burns v. State, 172 Tex.Cr. R. 112, 353 S.W.2d 860; Bernard v. State, 172 Tex.Cr.R. 52, 354 S.W.2d 157.

■ The evidence is sufficient to support the conviction and, no error appearing, the judgment is affirmed.

Opinion approved by the Court.