**Richard Mora GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36628.

Court of Criminal Appeals of Texas.

Feb. 26, 1964.

Rehearing Denied May 6, 1964.

Second Motion for Rehearing Denied June 10, 1964.

Arturo C. Gonzalez, Del Rio, for appellant.

Alton R. Griffin, Dist. Atty., William M. Laubach and George H. Nelson, Asst. Dist. Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is the possession of marihuana; the punishment, twenty-five years.

The testimony of three officers reveals that the appellant was apprehended at a bus station in Lubbock as he approached a bus then scheduled for departure to Plainview. Upon a search of the appellant by the officers, they removed a tobacco can from the inside of the sock on his left foot. The can contained a quantity of plant substance. The officers expressed their opinion that the plant substance was marihuana. The testimony of a chemist who made an analysis of the plant substance shows that it was marihuana. When the tobacco can

and its contents were offered in evidence by the state, the court inquired of the appellant if he had any objection, to which he replied "No sir. In fact, we concede it is marihuana."

The appellant did not testify or offer any evidence.

Appellant strenuously insists that his arrest was illegal, that the search of his person resulting in the finding of the marihuana was invalid, and that the introduction of the marihuana into evidence was error.

█ No objections were made to the testimony of the three arresting officers that a search of appellant's person resulted in finding in his sock a tobacco can containing a plant substance which in their opinion was marihuana, to the testimony of the chemist that the can contained marihuana, or to the introduction in evidence of the can and its contents. The failure to timely and properly object to such evidence and its introduction into evidence waived any complaint as to the search. Haykel v. State, 158 Tex.Cr.R. 359, 255 S.W.2d 1014; Williams v. State, 166 Tex.Cr.R. 617, 317 S.W. 2d 537; Burns v. State, Tex.Cr.App., 353 S.W.2d 860.

█ The evidence being sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

We shall discuss appellant's contentions in the order in which they are raised in his brief. He asserts that we failed in our original opinion to pass upon the question of whether the trial court erred in refusing his "motion to supress the marijuana" and his requested charge to instruct the jury to find appellant not guilty unless they found the search to be legal. Both were made after the testimony concerning the contraband, and the contraband itself had been introduced without objection. He relies upon the text found in 2 Branch's Ann.P. C., Sec. 405, p. 426, which reads as follows:

"If illegal testimony has been introduced by the State, without objection, it is error to refuse to withdraw it on defendant's motion. Graves v. State, 14 App. [113] 120; Burke v. State, 15 App. 156; Clark v. State, 23 App. [260] 262, 5 S.W. 115; Mann v. State, 27 App. 580, 11 S.W. 640; Capps v. State, 40 Crim. 103, 48 S.W. 517; Morton v. State, 43 Crim. [533] 536, 67 S.W. 115; Stone v. State, 45 Crim. [91] 93, 73 S.W. 956; Lightfoot v. State [Cr. App.] 78 S.W. 1075; Hearne v. State, 50 Crim. 431, 97 S.W. 1050; Davis v. State, 65 Crim. 271, 143 S.W. 1161; Rosamond v. State, 97 Crim. 569, 263 S.W. 297."

It should be noted that the most recent case cited in support of this text was decided by this Court in 1924.

A review of the authorities since that date will clearly demonstrate that the text does not accurately state the law as presently interpreted by this Court. In Brown v. State, 155 Tex.Cr.R. 347, 235 S.W.2d 142, this Court said:

"Under these circumstances we find no objection to such testimony, but merely find a request that this testimony be stricken from the record after the same had been heard. * * *

This is a motion to strike out certain testimony and not an objection thereto. This motion should have been made at the time same was offered or given."

In Renfro v. State, 156 Tex.Cr.R. 400, 242 S.W.2d 772, we said:

"The objection was first made after the witness had answered, and no reason is shown for not objecting timely thereto. The bill is insufficient to show reversible error in the court's refusal to strike the testimony."

In Gephart v. State, 157 Tex.Cr.R. 414, 249 S.W.2d 612, we said:

"From this, it appears that no objection was made at the time the testimony was given and, coming as it did at the conclusion of the evidence, is too late."

In Curry v. State, 161 Tex.Cr.R. 283, 276 S.W.2d 832, we said:

"The record reveals that no objection was made at the time this testimony was admitted, and no reason is advanced why the objection was not made at that time. In the absence of a timely and appropriate objection, no error is shown."

In Wyatt v. State, 162 Tex.Cr.R. 134, 282 S.W.2d 392, a charge similar to the one in the case at bar was requested, and we said:

"If the search was illegal, appellant should have urged an objection to the evidence obtained thereby at the time it was offered. This he did not do, but his counsel stated, 'No objection, Your Honor,' when the marihuana cigarette was offered. He thus waived any objection to the marihuana cigarette being offered in evidence."

In Ludwig v. State, 164 Tex.Cr.R. 295, 298 S.W.2d 166, we said:

"Appellant by his failure to object when he had opportunity to do so, waived any error in the admission of the testimony mentioned."

In Williams v. State, 166 Tex.Cr.R. 617, 317 S.W.2d 537, we said:

"At the conclusion of the State's evidence, appellant filed a motion requesting the court to withdraw from the jury's consideration the testimony of all the State's witnesses concerning the marijuana cigarette on the grounds that her arrest had been illegal. The record reflects that no objections were made on the grounds contained in the motion at the time the witnesses testified."

In Crowson v. State, Tex.Cr.App., 364 S.W.2d 698, 699, we said:

"No objection was made to the answer and no motion made at that time to withdraw the same from the jury's consideration. According to the court's qualification of the bill, the motion to strike was not made until after both sides had rested. Such a motion came too late to preserve error."

▮ For the first time on rehearing appellant cites Hall v. Warden, Maryland Penitentiary, 313 F.2d 483, wherein the United States Court of Appeals, Fourth Circuit, held that the fruits of an illegal search will not support a conviction whether objected to or not. We do not deem Hall to be controlling because the search in that case was clearly illegal. It was made of Hall's hotel room after he had been placed under arrest, and there was no showing of urgency. The opinion in that case pointed out that the court was not dealing with a search of Hall's person incident to a lawful arrest. In the case at bar, Officer Aycock testified that at 3:30 p. m. he received information from a confidential source that appellant had bought a can of marihuana and was preparing to leave the city on a bus at 3:50 p. m. and that upon receipt of such information he proceeded immediately to the bus station where he saw appellant approaching the bus. Though the facts before us are not as fully developed as they were in Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, we have concluded that they are sufficient to authorize the search in this case.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.

WOODLEY, Presiding Judge (concurring).

I concur in the overruling of appellant's motion for rehearing and the conclusion that the facts are sufficient to authorize the search.