Alphonse David **MORTIER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46392.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Michael Ramsey and Ray A. Bass, III, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

QUENTIN KEITH, Commissioner.

Appellant was convicted of felony theft and a jury assessed his punishment at confinement for four years.

Mrs. Mellie Blume, age 65, testified that on January 16, 1971, she received a telephone call from a man representing himself to be a bank official who was attempting to catch a thief in the bank. She was instructed by this caller to withdraw all of her money from the bank and was told that a messenger would be sent by her house to get the money which would be returned to her later along with $100 as compensation for her trouble.

Mrs. Blume, although having a balance in her account in excess of a thousand dollars, withdrew only $60 which she placed in an envelope which had the bank's name and address thereon. She also reported the incident to the police and on January 18, 1971, when she received another call from the purported bank official, Detective Black was in her home to welcome the messenger. While she was talking on the telephone to the alleged bank official, appellant appeared at her door and told her that he was the security guard from the bank who had been sent to get her money. She handed him the envelope containing the $60. When Detective Black appeared to place him under arrest, appellant dropped the envelope to the floor but it was retrieved by Mr. Black and introduced in evidence. Bank officials testified that appellant was not an employee of the bank and unknown to them.

Appellant's car, a 1971 Cadillac bearing Michigan license plates, was located near Mrs. Blume's home and its ownership traced to appellant. It was taken to the police pound by wrecker, appellant having reached the jail without needing his own car. Sometime after appellant's arrest and incarceration, his vehicle was searched by other detectives without having procured a warrant therefor.

Appellant's objections to the warrantless search of his automobile were voluminous and he sought, unsuccessfully at every opportunity, to procure a hearing on the legality thereof outside the presence of the jury. Appellant did not testify and does not question the sufficiency of the evidence on the appeal which he predicates upon three grounds, each relating to the legality of the search of his automobile.

We have been favored with an excellent brief of textbook quality on the law of search and seizure of automobiles. It is an interesting document to the student of a subject which has drawn so much attention of the courts and scholars in recent years.

 The basic, if not the only, fault to be found in the brief is that it neglects to mention what objects, material, or things were found in the search and what objections, if any, appellant made when such evidence was tendered.

Section 9, Article 40.09, Vernon's Ann. C.C.P., requires the appellant to "refer to that part of the ruling of the trial court . . . admission . . . of evidence or other proceedings which are designated to be complained of in such way as that the point of objection can be clearly identified and understood by the court." We have read and reread appellant's brief and have yet to learn precisely what evidence was introduced over his specific objection. Under these circumstances, no error is shown. Ballew v. State, 452 S.W.2d 460, 461 (Tex. Cr.App., 1970); McElroy v. State, 455 S.W. 2d 223, 226 (Tex.Cr.App., 1970); Smith v. State, 473 S.W.2d 216, 217 (Tex.Cr.App., 1971).

Furthermore, as State's counsel observes:

"The Fourth Amendment right to protection against illegal search and seizure only rises if there is an incorrect admission of evidence thus obtained. For this reason, if everything appellant claims in all three of his grounds of error were true, it is not error."

 We agree. Mr. Foster, a latent fingerprint examiner of the Houston Police Department, testified to having made the search of appellant's vehicle and appellant's counsel took him upon voir dire examination in an effort to show that at the time he took the fingerprints from the vehicle, it was in the police pound, appellant was in jail, and a magistrate was available on the premises to issue a warrant. Having established these facts to his satisfaction, counsel then said: "We have no objection to the admissibility of these items."

The rule governing the point is that set out in Gutierrez v. State, 423 S.W.2d 593, 596 (Tex.Cr.App., 1968): "[O]jections to a search are waived when fruits of the search are introduced without objections." See also, Anderson v. State, 406 S.W.2d 433, 434 (Tex.Cr.App., 1966); Burns v. State, 172 Tex.Cr. 112, 353 S.W.2d 860, 861 (Tex.Cr.App., 1962).

Having reviewed the record and finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.