**Paul Edward LOWE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 85 136 CR**

Court of Appeals of Texas, Beaumont.

April 23, 1986.

Jon Anderson, Lufkin, for appellant.

Gerald Goodwin, Dist. Atty., Angelina County, Lufkin, for appellee.

## OPINION

BROOKSHIRE, Justice.

The Appellant waived his right to a jury trial. The indictment was for the offense of burglary of a building. The Appellant consented to the stipulation of the State's evidence after having pleaded guilty. The State agreed to make no recommendation on punishment. A presentence investigation was concluded. A hearing was held on sentencing wherein the Appellant testified. The court assessed punishment at confinement for 18 years. The Appellant then filed a motion for leave to perfect an appeal, which was granted by the district judge.

The sole ground of error is that the district court erred in sentencing Appellant after the district attorney had allegedly violated the State's agreement not to make a recommendation on punishment.

This appeal is from two convictions for two separate offenses that were tried simultaneously. Both of the offenses involve a burglary of a building. At the hearing on sentencing, the Appellant testified. State's attorney, on cross-examination, asked:

"Q  Mr. Lowe, you understand that as a result of your having been to the penitentiary before on more than one occasion, you are not eligible for probation in this case or either one?"

Thereafter, the 18 year sentence was pronounced. The Appellant contends that this one question, by the State's attorney, was a violation of the agreement on the part of the State not to make a recommendation on punishment. We simply do not construe that question in that light.

The Appellant argues that the question is also an erroneous statement of the law, citing *TEX.CODE CRIM.PROC.ANN. art. 42.12* (Vernon Supp.1986). However, the erroneous statement of law *is not the basis of this appeal.*

We do not perceive any recommendation as to punishment in this one question. Appellant concedes it is his sole ground for reversal.

Appellant did, at oral submission, concede that his only contention was based on a strained interpretation of the question asked by the prosecutor. The State did not agree to stand mute on the punishment phase of the trial.

When the Appellant voluntarily took the stand, the State had a right to cross-examine him. Also, even if the sole and only question complained of and attacked by the Appellant was a breach of the agreement— we hold that it was not—still we perceive no error was preserved. The Appellant did not make a timely objection to preserve error. We simply have nothing to review under this record. *See Goodrich v. State,* 632 S.W.2d 349 (Tex.Crim.App.1982); *Gonzales v. State,* 379 S.W.2d 352 (Tex.Crim.App.1964).

Finding no merit in the one ground of error, we overrule the same. We affirm the judgment and sentence below.

AFFIRMED.