## ROBERT HELMS V. THE STATE.

No. 5326. Decided February 26, 1919.

**Sunday Law—Complaint—Information—Rule Stated—Words and Phrases.**
    While it is always best and safest, in pleading, to follow the language employed in the statute, yet if words of the same or greater import are used instead of the statutory words, the pleading is good, and the allegation that defendant was a dealer of wares and merchandise, instead of in wares and merchandise, does not invalidate the complaint or information.

Appeal from the County Court of Hill. Tried below before the Hon. R. T. Burns.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of twenty dollars.

The opinion states the case.

*W. M. Marlin* and *Thos. Ivy,* for appellant.—Cited Archer v. State, 10 Texas Crim. App., 472; Griffith v. State, 48 Texas Crim. Rep. 575,

*E. A. Berry,* Assistant Attorney General, for the State.—Cited Fowler v. State, 38 Texas, 559; Williams v. State, 27 Texas Crim. App., 258.

DAVIDSON, Presiding Judge.—The charging part of the complaint and information, omitting formal parts, is as follows: "One Robert Helms, being then and there a merchant and a dealer of wares and merchandise, did then and there sell one cigar to Quill Pierce on said day, the same being Sunday, and against the peace and dignity of the State."

The statute prohibits any merchant or dealer in wares and merchandise from selling on Sunday. The attack on the complaint and information is that between the words "dealer" and "wares" the pleader uses the word "of" instead of the word "in" as used in the statute. The contention is that for this reason the complaint and information do not charge an offense in that it is not a sufficient compliance with the statute. We are not disposed to agree with this contention. While it is always best and safest in pleading to follow the language employed in the statute, yet if words of the same or greater import are used instead of the statutory words, this would not amount to a sufficient reason for holding the pleading bad. We are of opinion that as this complaint and information are drawn, the statement that appellant was a dealer *of* wares and merchandise instead of dealer *in* wares and merchandise, is not of sufficient importance to require the court to hold the complaint and information invalid.

Believing the complaint and information to be sufficient as presented in the record, we hold that there was no error in the trial court refusing to sustain appellant's contention, and this does not present sufficient reason why the judgment should be reversed, and it is, therefore, affirmed.

*Affirmed.*