TOMMIE BARKER V. THE STATE.

No. 11165.    Delivered November 16, 1927.

Rehearing denied February 29, 1928.

**1.—Receiving and Concealing Stolen Property—Charge of Court—Objections To—Rule Stated.**

Where objections to the charge of the court are filed but fail to state that same were presented before the main charge was read to the jury, and

such objections are not verified by the trial judge, they cannot be considered. See Salter v. State, 78 Tex. Crim. Rep. 325, and other cases cited.

### 2.—Same—Bills of Exception—Incomplete—Present No Error.

Bills of exception taken to the charge of the court, which fail to show that said objections were presented in writing before the reading of the main charge are insufficient to present error. See Art. 658, C. C. P., 1925. Roberts v. State, 99 Tex. Crim. Rep. 492, and other cases cited.

### 3.—Same—Requested Charges—How Presented—Rule Stated.

Requested charges which have been refused, to be considered on appeal, must show that they were requested before the main charge was read, that the refusal to give such charges was excepted to at the time, which must be verified by the court, or by separate bills of exception showing the same facts. See Bland v. State, 92 Tex. Crim. Rep. 636, and other cases cited.

### 4.—Same—Evidence—Of Concealing—Held Sufficient.

Where, on a trial for receiving and concealing an automobile it was shown that appellant in company with the thief got in the stolen car, knowing same to be stolen, and aided in driving the car into another county, where it was abandoned, such evidence was sufficient to support the verdict.

### 5.—Same—Continued.

The word "conceal" is not to be given the literal construction of "hiding," but may be by handling the property in a manner that would throw the owner off his guard, in his search for it. Property may be concealed by carrying it off. See Polk v. State, 60 Tex. Crim. Rep. 150, and other cases cited.

#### ON REHEARING.

### 6.—Same—Evidence—Proof That Thief Was Unknown—Held Sufficient.

Where the indictment charges appellant with receiving and concealing property from a person whose name was unknown to the grand jury, unless the record in some way discloses that witnesses who were before the grand jury, or who gave testimony on the trial, knew the name of the alleged unknown person, or unless it is shown affirmatively that the grand jury by the use of more diligence than they exercised, could have ascertained the name of such person, no error appears. See Yantis v. State, 144 S. W. 947, and Shipp v. State, 209 S. W. 657.

Appeal from the District Court of Martin County. Tried below before the Hon. Chas. L. Klapproth, Judge.

Appeal from a conviction for receiving and concealing stolen property, penalty two years in the penitentiary.

The opinion states the case.

*Cunningham & Cunningham* of Big Spring, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for receiving and concealing stolen property, punishment being two years in the penitentiary.

Appellant undertakes to raise a number of questions which appear in the record in such condition that we cannot take cognizance of them. There is found in the transcript a document which purports to be objections to the court's charge. It is not verified by the trial judge and does not recite that it was presented before the main charge was read to the jury. Salter v. State, 78 Tex. Crim. Rep. 325, 180 S. W. 691; Castleberry v. State, 88 Tex. Crim. Rep. 502, 228 S. W. 216; Rhodes v. State, 93 Tex. Crim. Rep. 514, 248 S. W. 679. By bills of exception Nos. 1 and 3, appellant undertakes to bring forward objections to the charge but by neither of said bills is it shown that the objections were presented in writing before the reading of the main charge. Art. 658, C. C. P. (1925); Roberts v. State, 99 Tex. Crim. Rep. 492, 269 S. W. 103; Wright v. State, 100 Tex. Crim. Rep. 291, 272 S. W. 787; Butter v. State, 105 Tex. Crim. Rep. 228, 288 S. W. 218; Scott v. State, 292 S. W. 891. Two special requested charges appear in the transcript. Neither of them show whether they were requested before the main charge was read, both are simply marked "refused" over the trial judge's signature without verification that exception was reserved to such refusal, and no separate bills of exception are found complaining of the court's action in declining to give them. Bland v. State, 92 Tex. Crim. Rep. 636, 244 S. W. 1023; Linder v. State, 94 Tex. Crim. Rep. 316, 250 S. W. 703; Cunningham v. State, 97 Tex. Crim. Rep. 624, 262 S. W. 491; Benson v. State, 287 S. W. 1097. Bills of exception 2 and 4 show no error. They each complain of certain questions asked of witnesses, but in neither bill is the answer given by or expected from the witness set out.

The subject of the theft was an automobile. It was stolen in Stanton, Martin County, and abandoned by appellant and two others in Reeves County when about to be overtaken by officers. It was appellant's contention that he was not a party to stealing the car, but knew one of the other boys was going to steal it, and that after he had done so appellant and his companion got in the car with the thief and left the county where it had been stolen. The jury was justified in finding that appellant was a party to the removal of the car and therefore in contemplation of the law "concealing" it. The word "conceal" is not to be given the literal construction of hiding, but may be by handling

the property in a manner that would throw the owner off his guard in his search for it.   Property may be concealed by carrying it off.   Polk v. State, 60 Tex. Crim. Rep. 150, 131 S. W. 580; Davis v. State, 61 Tex. Crim. Rep. 611, 136 S. W. 45; Moseley v. State, 36 Tex. Crim. Rep. 578, 37 S. W. 736.

The judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—A strong appeal is made to us to vary the established rules of this court, and to depart from all the precedents in view of what is set up as the merits of this defense. If the rules be right and the precedents be sound, the unwisdom and injustice of a departure in a particular case would be apparent.   This court cannot make fish of one and flesh of another. If we were willing to set the law aside in one case, manifestly we could not justify our failure to set it aside in all cases. However, the facts in this case are not such as to lead us to conclude that we have here a youth of such innocence and lack of guile, as to greatly appeal to this court.   We observe that the facts show practically without dispute that appellant and two other boys discussed the theft of a particular car, and that appellant and one of the boys were afraid to take the car, but when it was taken by the third boy, these two willingly got into the car and rode from Martin County to Pecos in said stolen property.   We perceive little, if any, difference in the turpitude of one who is not willing to first lay hold upon the property of his neighbor, but at a distance watches another actually take same into his possession, and then in a few yards or blocks unites with the actual taker in the further removal of the property.

Appellant makes the point in his motion that the indictment charging the receiving and concealing of stolen property, alleged that same was received from some person to the grand jurors unknown—and it is claimed there is no testimony in the record supporting the proposition that the grand jury made any effort to ascertain the name of the party from whom appellant so received said property.   We have carefully examined the record and find that no witness testified that he knew the name of the party from whom appellant received the stolen car.   Appellant's confession does not name such party.   The sheriff and night watchman at Pecos who recovered the car and saw three parties in it, and one of whom arrested appellant and a companion—neither testified to knowing the name of the party from whom appellant received said car.   In fact, they denied knowing it

either at the time of the trial or when they were before the grand jury. Mr. Zimmerman, Sheriff of Martin County, said that about ten days after this theft a boy was brought from Pecos, supposed to be the third party engaged in this theft, but that appellant and his companion both denied positively that this boy was implicated, and that he released said boy. He said he did not know the name of the party from whom appellant got the car, either at the time of the trial or when before the grand jury.

Appellant insists that Williams v. State, 153 S. W. 1136, should be held authority for reversing this case. We do not so understand that case. It was laid down by this court in Yantis v. State, 144 S. W. 947, that unless the record in some way discloses that witnesses who were before the grand jury, or who gave testimony on the trial, knew the name of the alleged unknown person from whom the accused received the stolen property, or unless it is shown affirmatively that the grand jury, by the use of more diligence than they exercised, could have ascertained the name of such person, no error would appear. This case is followed by Shipp v. State, 209 S. W. 657, and in our opinion announces a correct proposition of law.

The other contentions made by appellant were discussed and we think correctly decided in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*