ELMER EDWARD HUDSON V. STATE

No. 34,794.   October 31, 1962

*Ivan Irwin, Fowler Roberts*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Upon a plea of not guilty before the court without a jury, the appellant was convicted of the illegal possession of amphetamine; the punishment, a fine of $100.

Officer Wages testified that he observed the appellant staggering as he walked along a sidewalk adjoining a public street, and from six to ten feet away he called for the appellant to "wait"; that no odor of alcohol was detected on the appellant, but the appellant's speech was incoherent, "and he was hopped up". Upon a search, Officer Wages testified that he found 27 pills in a container in the right pants pocket of the appellant and about one-half that number in his left pants pocket.

A chemist testified that an analysis made by him of the pills revealed that they contained amphetamine.

The appellant, while testifying in his own behalf, admitted that the pills were in his pants pocket at the time in question and had been in his possession for about three days, but that he had no idea that the pills contained amphetamine.

Appellant's sole contention is that his arrest was illegal and therefore the search of his person and the seizure of the property and its admission into evidence was error.

It is not necessary to appraise appellant's contention because appellant is not in a position to complain of the state's introduction of evidence of his possession of the pills when appellant admitted while testifying that he had possession of the pills. Salinas v. State, 159 Texas Cr. Rep. 619, 266 S.W. 2d 388; Rao v. State, 160 Texas Cr. Rep. 416, 271 S.W. 2d 426; MacKenna v. State, 164 Texas Cr. Rep. 623, 301 S.W. 2d 657; Cortez v. State, 165 Texas Cr. Rep. 320, 306 S.W. 2d 713; 5 Texas Jur. 2d, Sec. 446, pp. 707-708.

The judgment is affirmed.

Opinion approved by the Court.

#### CONCURRING OPINION

MORRISON, Judge.

I concur in the affirmance of this conviction because the officer testified that at the time he searched appellant he was of the opinion that appellant was "drunk" in a public place. This authorized the arrest and the search incident thereto.