**Charles Arthur PARKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37366.**

Court of Criminal Appeals of Texas.

Dec. 9, 1964.

John Cutler, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Ruben W. Hope, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is possession of a dangerous drug, to wit, barbiturates; the punishment, thirty days in jail.

Appellant, a delivery man for a drug store, was driving in Houston when his truck was observed by a Houston radio patrol officer. The officer testified that the vehicle was speeding. Appellant was "waived down" and asked to display his driver's license. As appellant searched his billfold for his license, the officer noticed something red inside appellant's closed hand. Upon being questioned as to what was in his hand, appellant replied by displaying two red capsules. The capsules were later analyzed and found to contain a derivative of barbituric acid.

Appellant testified that he had the capsules in his hand when he was stopped by the officer. It was his contention that he had noticed the capsules on the floor of his truck; had picked them up just prior to being stopped, and did not know what they contained. In view of his testimony, the appellant is in no position to complain of the introduction of the capsules in evidence. McCain v. State, Tex.Cr.App., 363 S.W.2d 257; Hudson v. State, 172 Tex. Cr.R. 565, 361 S.W.2d 388.

Appellant complains that the trial court should not have permitted counsel for the state to question him on cross-examination concerning a conviction in 1957 for burglary, wherein he was granted probation of his 5 year sentence which had expired and the conviction had been set aside.

Under the terms of the Adult Probation and Parole Law (Art. 781d Vernon's Ann. C.C.P.) the result of the court's order released the appellant "from all penalties and disabilities" resulting from the crime of which he had been convicted, "except that proof of his said conviction * * * shall be made known to the court should the defendant again be convicted of any criminal offense."

Art. 732a V.A.C.C.P. provides:

"The fact that a defendant in a criminal case, or a witness in a criminal case, is, or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or

complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, *or such person has been placed on probation and the period of probation has not expired."*

 We are in accord with the view that evidence as to the burglary conviction which had been set aside after the term of probation had expired· was not admissible to impeach the appellant. This is especially so where, as here, the court has granted a new trial, set aside the conviction and dismissed the case pursuant to the provisions of Art. 781d V.A.C.C.P., Sec. 7.

The record shows, however, that on his direct examination appellant testified that he had never been convicted of a felony or of a misdemeanor involving moral turpitude, and on his redirect examination he testified fully regarding the 1957 conviction, giving his explanation that he pleaded guilty though he was not.

The only reference to the prior conviction by the state was on cross-examination when appellant was asked and answered:

"Q. You are the same Charles Arthur Parker that was convicted in 1957 for burglary and felony theft?

"A. No, sir. I don't know nothing about that."

Appellant moved for mistrial without stating any reason therefor, which motion was denied.

In view of the evidence adduced by the defense, the question propounded to the appellant on cross-examination, answered in the negative, would not warrant reversal. Ramirez v. State, 169 Tex.Cr.R. 494, 335 S.W.2d 228.

A different question would be raised had the appellant directed the trial court's attention to his motion praying that the district attorney be instructed not to bring before the jury the fact that he had been previously convicted in the cause in which

he was granted probation, the term of which had expired and the conviction set aside.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.