**Victor McLAUGHLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41117.**

Court of Criminal Appeals of Texas.

March 20, 1968.

Rehearing Denied April 24, 1968.

Fred D. Moore, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, Myron Garner and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, fifty years.

The appellant challenges the sufficiency of the evidence to support the conviction.

The testimony of the state reveals that about 2:05 a. m., January 4, 1967, Thelma Brown, night manager of a 40 lane bowling alley, sold two cigars to a colored man who appeared "like he was looking in the cash register." This man was wearing a red, maroon-colored shirt, gray hat, gray coat and gloves. About 2:15 a. m., Thelma again saw this man holding a pistol in the back of the porter, Harold Gooch, as they approached her at the cash register. The robber made Gooch lie on the floor and demanded of Thelma to get the "big money" which was kept in a drawer beneath the cash register or he would shoot her and when she opened the drawer he took the big brown envelope and placed it under his coat. The robber took the money out of the cash register and placed it in a stocking cap. The man pulled the telephone from the wall and then forced Thelma and Gooch into a back storeroom where he told them to stay ten minutes or he would start shooting.

Thelma and Gooch left the storeroom after about five minutes and notified the police. About 3 a. m., January 4, 1967, Thelma identified the appellant in a four-man lineup as having previously worked at the bowling alley and she further testified that it had been a week since he had worked there. Thelma stated that while working there the appellant had gone near the cash register, and that the "big money"

was kept in a drawer under the cash register. Thelma also identified a man in the lineup as the man who held the pistol on her during the robbery. The robber took about $600 in money from Thelma without her consent as she was in fear of her life and bodily injury. While testifying, Thelma identified State's Exhibits Nos. 1 through 4 and No. 6 which included the pistol, the hat, gloves, and sweater worn by the man with the pistol; and she identified State's Exhibit No. 5 as the brown envelope kept under the cash register which the robber took from her.

Officer Smith testified that while with Officer Bryant about 2:25 a. m., January 4, 1967, they observed an automobile travelling at an excessive rate of speed which they pursued and after seeing it "run a blinking light," they turned on the red light and pursued it until it stopped. Officer Smith asked the appellant, who was driving the car, for his driver's license, and after telling him that he had been stopped "for going too fast," the appellant replied that, "I don't have a driver's license, but it's all right, it's not my car." Smith had to walk around the appellant twice in going to the car where he saw a colored man lying down in the back seat, and when Smith asked, the appellant told him the car belonged to the other occupant of the car. Officer Smith testified that as he walked around the car, appellant was "directly behind me * * * too close to me in my opinion," and as Bryant kept the appellant away, he found an insurance policy in the glove compartment which revealed that the car belonged to J. M. Kindred. When Officer Smith opened the right rear door he saw a pistol, a toboggan hat filled with money, and a brown envelope on the back floor board of the car, and a purple sweater on the back seat. As Officer Smith stepped from the car, he asked the appellant where the money came from and appellant pointed to his companion and said, "He works on North Central and we just closed up." Appellant's companion then pointed at appellant and said, "He works on North Central," and then identified himself as Bruce Miller. Officer Smith testified that the license plates on the car "was wired on."

Officer Bryant testified that he and Officer Smith saw a car speeding about 2:25 a. m., January 4, 1967, and after pursuing and stopping it he went to the right hand side, and that he observed appellant's companion in the rear seat taking off a purple sweater and putting on a white shirt. Bryant also saw a pistol and some money in a toboggan-type hat in the back seat of the car, and while testifying, identified State's exhibits Nos. 1, 5, 6, and 8, as articles found in the car.

The appellant did not testify or offer any testimony in his behalf.

The appellant contends in his brief that the clothing, gun, money, and an insurance policy were improperly admitted in evidence on the ground that they were obtained as the result of an unreasonable search and seizure.

■ No objection was made at the time of the offer and admission into evidence of said articles on the ground that they were obtained as a result of an unreasonable search and seizure. No error is presented.

While working at the bowling alley until two weeks before the robbery, the appellant had opportunity to know that the "big money" was kept under the cash register. When the robber exhibited the pistol he demanded of Thelma that she get the "big money" from under the cash register which was in a brown envelope and which he put under his coat, and he placed the other money in a stocking cap. Within fifteen minutes after the robbery, the appellant was apprehended while he was driving an automobile at an excessive rate of speed, and a brown envelope was found in the car which Thelma identified as the one she gave the robber; and she also identified the pistol and sweater found in the car as looking like the pistol used by the robber and the sweater he was wear-

ing. About forty-five minutes after the robbery, Thelma identified Bruce Miller in a lineup as the robber, and at the same time Thelma identified the appellant as a previous employee of the bowling alley, although she had not seen him during the robbery.

The court charged the jury upon the law applicable to principals.

It is concluded that the facts and circumstances are sufficient to authorize the jury to conclude that the appellant is guilty as a principal in the commission of the offense of robbery as alleged.

The judgment is affirmed.