**Aubra D. GORRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43926.**

Court of Criminal Appeals of Texas.

June 16, 1971.

We have concluded that this arrest and search were authorized under the above facts. Hudson v. State, 172 Tex.Cr.R. 565, 361 S.W.2d 388, 389; Henderson v. State, Tex.Cr.App., 422 S.W.2d 175; Daniels v. State, Tex.Cr.App., 387 S.W.2d 886, and Chambler v. State, Tex.Cr.App., 416 S.W. 2d 826.

Finding no reversible error, the judgment is affirmed.

Laird Palmer, Austin, for appellant.

Robert O. Smith, Dist. Atty., Philip A. Nelson, Jr. and Lawrence Wells, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

**Morris HUNTER, Appellant,**

**No. 43742.**

**v.**

**The STATE of Texas, Appellee.**

Court of Criminal Appeals of Texas.

May 19, 1971.

Rehearing Denied June 29, 1971.

## OPINION

MORRISON, Judge.

The offense is the possession of heroin; the punishment ten (10) years.

The sole ground of error is the legality of the search of the appellant's person. Patrolman Gambrell testified that while on patrol on the night in question, he passed two men who were walking on Congress Avenue and that one of them was stumbling as he walked. Gambrell turned around and drove near where the appellant and his companion would be. He again observed appellant stumble, and when asked for his identification, appellant "swayed and rocked on his feet" and finally leaned up against the police car, that his eyes appeared sleepy and glassy. Gambrell asked appellant if he had been drinking or was sick and the appellant replied in the negative. Gambrell placed appellant under arrest for being intoxicated and the search of his pants pockets revealed the heroin which is the basis of this prosecution.