Napoleon ANSLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 43975.

Court of Criminal Appeals of Texas.

July 7, 1971.

Bill H. Brister, Lubbock (On Appeal Only), for appellant.

Blair Cherry, Dist. Atty., and Bob D. Odom, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of receiving and concealing stolen property of a value over fifty dollars; the punishment was assessed by a jury at ten years.

Appellant's first three grounds of error are: (1) "The evidence is insufficient * * * because the state failed to prove that the search was based upon probable cause * * *." (2) "The evidence against appellant was improperly admitted because the evidence is fruit of an unlawful search." (3) "The arrest of appellant was unlawful."

The record reflects that on May 28, 1970, Detective Sergeants Charles Park and Carey Stafford, of the Lubbock Police Department, went to the Starlite Motel in Lubbock. At approximately midnight, the appellant appeared behind the motel carrying a large plastic garbage can. They stopped and questioned him, and then examined the contents of the can, which was found to contain ten men's suits and two men's sport coats. Some of the items were on coat hangers bearing the name of Tipps' Men's Store of Levelland. Upon discovering this merchandise, the officers arrested appellant. The clothing was identified as a part of what had been taken from Tipps' Men's Store in a burglary on May 6, 1970.

The record is silent as to any objection to the search, the introduction of the fruit of said search, or to the arrest of appellant upon the discovery of such evidence. The only objection reflected to the introduction of the evidence was to the effect that the men's suits and sport coats had not been properly identified as those taken in the burglary.

■ Since no timely objections to the search or fruits thereof were made, no error is shown. McLaughlin v. State, Tex. Cr.App., 426 S.W.2d 244; Anderson v. State, Tex.Cr.App., 406 S.W.2d 433; Gonzales v. State, Tex.Cr.App., 379 S.W.2d 352; Cert. den. 380 U.S. 981, 85 S.Ct. 1346, 14 L.Ed.2d 274; Beeler v. State, Tex.Cr. App., 374 S.W.2d 237, Cert. den. 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 51. Further,

in the absence of objection to the search and fruits thereof upon which the arrest was based, we do not consider whether or not the arrest was unlawful. See Beeler v. State, supra.

■ The record further reflects that appellant testified in his own behalf and admitted possession of the suits and sport coats on the occasion in question. Under these circumstances, he is in no position to complain of an unlawful search and seizure. Arreguin v. State, Tex.Cr.App., 463 S.W. 2d 729; MacKenna v. State, 164 Tex.Cr. R. 623, 301 S.W.2d 657, Cert. den. 355 U. S. 851, 78 S.Ct. 70, 2 L.Ed.2d 55; Rao v. State, 160 Tex.Cr.R. 416, 271 S.W.2d 426.

Appellant's first three grounds of error are overruled.

■■ Next, appellant contends that the indictment is insufficient to support the conviction for the reason that it does not identify the person from whom the goods were received and does not allege that said person was *unknown to the Grand Jury*.

The indictment reads in part:

"Napoleon Ansley did then and there unlawfully and fraudulently receive from person or persons unknown certain corporeal personal property then and there belonging to R. E. Tipps, and which said property had theretofore been acquired by the said person or persons unknown * * *."

Article 21.07, Vernon's Ann.C.C.P., states that:

" * * * When the name of the person is unknown to the grand jury, that fact shall be stated * * *."

True, it would have been better pleading to have stated "unknown *to the Grand Jury*," nevertheless, we conclude that Articles 21.01 and 21.11, V.A.C.C.P.[1] were suf-

---

1. *Article 21.01:* "An 'indictment' is the written statement of a grand jury accusing a person therein named of some act

or omission which, by law, is declared to be an offense."

ficiently complied with. The omission of a word or words, in an indictment, is not fatal if that part omitted is not essential to the certainty necessary in the description of the offense and does not affect the meaning. Linton v. State, Tex.Cr.App., 452 S. W.2d 494; Stephens v. State, Tex.Cr.App., 154 S.W. 996. The indictment in this case stating the "person or persons unknown" obviously means unknown to those making the statement, i. e., the Grand Jurors. No reversible error is shown.

Finally, it is contended that "appellant should have been permitted to inquire as to whether the identity of the person from whom the goods were received could have been ascertained."

Don Workman testified that he was a member of the Grand Jury that returned the indictment and that they had no knowledge of the name of the person from whom appellant received the property. He stated that the Grand Jury inquired of the investigating officers and they were unable to supply a name. We conclude that the name of the person from whom the property was received by appellant was in fact unknown to the Grand Jury and that they used reasonable diligence to ascertain the same. Barker v. State, 109 Tex.Cr.R. 67, 2 S.W. 2d 851; Yantis v. State, 65 Tex.Cr.R. 564, 144 S.W. 947.

On cross-examination, the witness was asked if they "returned indictments against several other persons over this same set of facts," to which an objection was made and overruled by the court. Appellant did not pursue the matter further. No error is shown.

There being no reversible error, the judgment is affirmed.

---

*Article 21.11:* "An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise *language* in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the *proper judgment; and in no case are the* words 'force and arms' or 'contrary to the form of the statute' necessary."