**Luis ROMERO, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 20109.

United States Court of Appeals
Fifth Circuit.

June 12, 1963.

Rehearing Denied July 15, 1963.

---

Joseph A. Calamia, Edward S. Marquez, Frank Fullerton, El Paso, Tex., for appellant.

Frederick J. Morton, Asst. U. S. Atty., El Paso, Tex., Ernest Morgan, U. S. Atty., San Antonio, Tex., M. H. Raney, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

CONNALLY, District Judge.

The appellant was convicted on a jury verdict of violating the narcotics laws with respect to some 240 pounds of marihuana. The facts are simple and without dispute, and raise a single question on this appeal. That is whether the trial court committed error in denying a motion to suppress certain evidence, i. e. the narcotics, by reason of an allegedly unlawful search.

The appellant, in company with another (who was tried separately) appeared at the baggage office of the Southern Pacific Railroad Station in El Paso, Texas, and checked two parcels to Los Angeles, California, upon a passenger ticket which he presented. One parcel was a small trunk, the other a large suitcase. Each parcel was locked.

Thereafter the baggage master noted a white crystal-like substance escaping from one of the parcels. His suspicions were aroused, and he contacted the U. S. Customs Service.[1] A customs agent answered the call. On examining the parcel, he found nothing suspicious in the white crystals which had escaped, but he detected the strong odor of marihuana. Well he might, for on opening the trunk, he found that it contained some 70 pounds of marihuana; and the suitcase an additional 35 pounds. The agent took possession of the parcels and advised his superior, who came to the station to assist.

While the two customs agents were in an adjoining room, the appellant and his companion chose this inopportune time to return, and to present two additional parcels for shipment. The baggage master notified the customs agents that the persons who had checked the first parcels were again at the baggage counter. The agents placed the appellant and his companion under arrest, and opened the third and fourth parcels. These contained the additional marihuana. The truck in which the appellant and his companion had transported the parcels to the baggage office was found to contain a secret compartment from which sweepings of marihuana were taken. The appellant's

1. It should be noted that the City of El Paso, Texas, is located upon the Texas-Mexican border, and is the source of a great many narcotics cases, many of which find their way to this Court.

coat contained his railroad ticket to Los Angeles.

It is appellant's contention that the arrest stemmed from the search of parcels one and two; that this search was unlawful in that (admittedly) the officer had no search warrant; and, it is contended, the circumstances were not so exceptional as to permit a search without a warrant. In support thereof it is pointed out that the next train for California—upon which, presumably, the luggage would be placed—would not leave for some two and one-half hours, while the office of the U. S. Commissioner was located only about a mile away. Thus it is argued that the conduct of the agent amounted to no more than a general search for evidence upon mere suspicion.

■ These contentions overlook certain very salient facts. At the time of the discovery, the agent was alone, and was confronted with what he had every reason to believe was a substantial quantity of marihuana. Had he left the premises to secure a warrant, and had the owner of the baggage—with, perhaps, aroused suspicions—returned and reclaimed it, the baggage master would have been obliged to deliver it to him. To require a law enforcement officer who has every reason to believe that he has within his control a sizable quantity of narcotics to leave it unattended is to close one's eyes to the realities of the situation. The agent was fully warranted in believing that an offense had been or was being committed. Had he left the premises, the perpetrator of the crime well might have gone undetected. Probable cause existed for the search. Cannon v. United States, 158 F.2d 952 (5th Cir.), certiorari denied 330 U.S. 839, 67 S.Ct. 980, 91 L.Ed. 1286; Medina v. United States, 158 F.2d 955 (5th Cir.); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

■ Of controlling importance, however, is a further consideration, completely ignored by appellant's contentions. It is that a custom's agent—contrary to the power possessed by many law enforcement officers—is authorized by statute to seize and hold any merchandise which he believes to be subject to duty, or to have been unlawfully introduced into the United States (§ 482 of Title 19, U.S.C.A.). In the exercise of that authority, such an officer is authorized "* * * to search any trunk or envelope, wherever found, in which he may have a reasonable cause to suspect there is merchandise which was imported contrary to law;" and on finding any such merchandise in such "trunk or envelope" to seize and secure the same for trial. The strong odor of marihuana, readily recognized by this officer of long experience with that substance, constituted reasonable cause for him to believe that the original parcels contained merchandise imported contrary to law, whereby he was authorized to seize and hold the parcels for trial. United States v. Rodriquez, D.C., 195 F.Supp. 513; Bolger v. United States, D.C., 189 F. Supp. 237; Landau v. United States Attorney for the Southern District of New York, 82 F.2d 285 (2d Cir.).

■ With the information thus secured before him, obviously the arrest of the appellant was completely justified, as was the search of the third and fourth parcels and of the vehicle and clothing of the appellant which followed the arrest. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653; Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668.

■ The evidence developed on the trial of the case does not show improper conduct on the part of the officer, as the appellant contends; but rather it shows the report of a suspicious circumstance [2] by an intelligent and well-intentioned

2. While the white crystal-like substance was never identified in evidence (as the appellant did not testify), it was suggested by counsel, and from the description seems likely, that the substance was a form of mothballs. Because of their somewhat pungent and aromatic smell, it is common knowledge that mothballs frequently are used in the trade to counteract the aroma given off by marihuana.

baggage master, followed by efficient investigation by a skilled and experienced law enforcement officer.

The judgment of the court below is Affirmed.