Thomas **WILLIS, Jr., and Albert Rance,**
**Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 22787.**

United States Court of Appeals
Fifth Circuit.

Dec. 16, 1966.

James R. Gillespie, San Antonio, Tex.,
for appellants.

Andrew L. Jefferson, Jr., Asst. U. S.
Atty., Chief Crim. Section, Reese L. Harrison, Jr., Asst. U. S. Atty., Ernest Morgan, U. S. Atty., Western Dist. of Texas,
San Antonio, Tex., for appellee.

Before TUTTLE, Chief Judge, and
AINSWORTH and DYER, Circuit Judges.

PER CURIAM:

The appellants were convicted
of unlawful importation and knowing
concealment of heroin in violation of Title 21 U.S.C.A. § 174. The only error asserted is the denial by the District Court
of the appellants' motion to suppress evidence seized by customs officers in a
search of appellants' car at the time of
their arrest six miles from the Mexican
border occurring minutes after appellants' re-entry into the United States.
The evidence showed that the Customs
Agent stationed at the border had reasonable cause to suspect that the appellants
were bringing heroin into the United
States in a manner contrary to law. He

ordered a customs investigator to detain the car and its occupants if it left town. The investigator kept the appellants under constant surveillance except for a brief time when the car was out of sight. This was a valid border search. Valadez v. United States, 5 Cir. 1966, 358 F.2d 721. The requirement of "reasonable cause to suspect" is satisfied if it is shown that the officer who issues the order for the search is possessed of sufficient information to satisfy the test. Cf. Marsh and Martinez v. United States, 5 Cir. 1965, 344 F.2d 317.

The judgment of conviction is

Affirmed.