Manuel Vargas GUADIAN and Alfredo Hernandez, Appellants,

v.

The STATE of Texas, Appellee.

No. 40606.

Court of Criminal Appeals of Texas.

Oct. 18, 1967.

Rehearing Denied Nov. 29, 1967.

**950**

Joseph A. Calamia, El Paso, for appellants.

Barton Boling, Dist. Atty., James H. Kreimeyer, Asst. Dist. Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

Upon a joint trial, the appellants waived a jury, and entered pleas of not guilty to an indictment charging them with the possession of marihuana. They were found guilty by the trial court and the punishment for each was assessed at two years.

The search of the automobile the appellant Hernandez was driving and the appellant Guadian, who was riding in the front seat, and the seizure of twelve marihuana cigarettes found in the glove compartment

and one marihuana cigarette found in a pocket of the trousers the appellant Guadian was wearing are the bases of this conviction.

For reversal it is contended that the admission of the testimony showing the results of the search of the automobile and the appellant Guadian was error on the ground that the search was illegal. This ground for reversal was first urged on motion to suppress, which was heard and overruled, and then on the trial on the merits.

At the time of the reading into evidence that the chemist, if present, would testify that the cigarettes contained marihuana, appellant's counsel stated that, "I have no objection." This was followed by the stipulation by appellant's counsel that it was "the same marihuana that was obtained from the defendants." In light of this evidence, the appellant is in no position to complain of the search. Love v. State, Tex.Cr.App., 373 S. W.2d 242; Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199.

However, in view of the contention that the search was illegal on the grounds that it was not reasonable and without probable cause, the facts and circumstances preceding and at the time of the search will be discussed.

Deputy Sheriff O'Donnell, who lived in Fabens, Texas, testified that about 2 a.m., July 7, 1966, he was told by an informer in person in Fabens that he had seen the appellant Hernandez and Porfirio Martinez earlier that night, which was July 6, in Caseta, Mexico, across the river from Fabens, with marihuana cigarettes in their possession, and he saw some of the marihuana, and they would be in Fabens and leaving there about 5 a.m.—early that morning for Van Horn, and showed him the car that would be used which was then parked in the yard at the residence of Hernandez in Fabens; that he had successfully used this informer in burglary and theft cases but in narcotic cases the information had not been sufficient; that he notified U. S. Customs agents Posio

and Morgan in El Paso and they arrived in Fabens about 3 a.m., July 7, when he gave them the information he had about Hernandez and Martinez which had come from a mutual informer, that is, one they had used before, and he then showed them Hernandez' car parked at his residence, and left on another assignment; that Posio already knew Hernandez, and "was working on a case relating to these particular subjects (Hernandez and Martinez)."

U. S. Customs agent Posio testified that Deputy Sheriff O'Donnell telephoned him about 2 a.m., July 7, telling him that he had confidential information that Hernandez and Martinez had been seen with marihuana cigarettes in Mexico and would be leaving Fabens early in the morning; that he knew O'Donnell's informer, had used him before and knew he was reliable; that he had had previous information connecting Hernandez and Guadian with narcotics; that he and Morgan kept Hernandez and his car under surveillance until he drove alone to a service station where another person entered the car and they drove to a tavern, and upon parking, Posio and Morgan, in separate cars, parked on opposite sides of Hernandez' car; that the man who had entered the car at the service station and riding in the front seat was the appellant, Manuel Vargas Guadian; that he told them they were Customs officers and wanted to make a customs search of the car, which they did, finding a package containing twelve marihuana cigarettes in the glove compartment and later found one marihuana cigarette in Guadian's trousers pocket; and that after informing them again of their constitutional "warnings," "they made statements that they were their cigarettes and had purchased them in Pecos"; that the tavern was located about one mile straight across and about three miles by road from the Mexico border; and that Fabens was within the district officially assigned to him as a Customs officer.

The testimony of Customs agent Morgan was substantially the same as that of Customs agent Posio.

The Customs agents had neither an arrest warrant nor a search warrant.

■ The United States Customs officers have express authority under Title 19, U.S.Code, Section 482, to stop and search any vehicle or person suspected of carrying merchandise subject to duty, or which has been introduced into the United States in any manner contrary to law. The right of border search does not depend on probable cause and is in a separate category from searches generally. Carroll v. United States, 267 U.S. 132, 154, 45 S.Ct. 280, 69 L.Ed. 543; Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746; Mansfield v. United States, 308 F.2d 221, 222 (5th Cir. 1965). The test is the existence of "a reasonable cause to suspect" that there is merchandise "which * * * shall have been introduced into the United States in a[ny] manner contrary to law." Valadez v. United States, 358 F.2d 721, 722 (5th Cir. 1966). The right of Customs officers to search vehicles and persons does not necessarily stop at the border itself. Marsh v. United States, 344 F.2d 317 (5th Cir. 1965). Searches occurring at some distance inland have been upheld where Customs agents had reason to believe the vehicle or person was carrying contraband. Romero v. United States, 318 F.2d 530 (5th Cir. 1963); Ramirez v. United States, 263 F.2d 385 (5th Cir. 1959); Haerr v. United States, 240 F.2d 533 (5th Cir.); Alexander v. United States, 362 F.2d 379 (9th Cir. 1966); Willis v. United States, 370 F.2d 604 (5th Cir. 1966); Thomas v. United States, 372 F.2d 252 (5th Cir. 1967).

■ The evidence is sufficient to authorize the conclusion that the search and seizure were reasonable, and that the same were lawful.

■ Further, it is concluded that the evidence is sufficient to show probable cause and authorize the search and seizure under the state law. Weeks v. State, Tex.Cr.App., 417 S.W.2d 716.

Error is also urged on the ground that the evidence is insufficient to support the conviction of the appellant Guadian in that the one marihuana cigarette taken from him was illegally obtained, and there was no evidence connecting him with the marihuana found in the glove compartment.

■ The evidence discloses a search of the car in which the appellant Guadian had been riding at the tavern along with a cursory search of the appellants and a search at headquarters a short time later during which the one marihuana cigarette was found in Guadian's pocket. Further, Posio testified that after giving them their constitutional "warnings" the second time "they made statements that they were their cigarettes and had purchased them in Pecos." To the admissions of this testimony there was no objection. No error is presented.

■ The failure of the trial court to make findings of fact and conclusions of law as the appellants requested was not error. Such procedure is not provided for in the Texas Code of Criminal Procedure.

The judgment is affirmed.

## OPINION ON APPELLANTS' MOTION FOR REHEARING

MORRISON, Judge.

Appellants strenuously object to that portion of our original opinion in which the Court found that the evidence was admitted without objection. A further review of the record reveals that appellants, though agreeing to certain stipulations, did so with the specific understanding that their objections that the evidence was the fruit of an illegal search were not waived.

This, however, does not affect our disposition of the case, because this was clearly a border search for marihuana predicated upon information that the two male occupants of the automobile in question would have marihuana in their possession, and that they were headed toward a point inland, away from the border.

The cases cited in our original opinion authorize this border search. See also King v. United States, 5 Cir., 258 F.2d 754, and United States v. Yee Ngee How, D.C., 105 F.Supp. 517.

The motion for rehearing is overruled.