David Lee SANDERS and Carey Allen Hill,
Appellants,

v.

The STATE of Texas, Appellee.

No. 44948.

Court of Criminal Appeals of Texas.

May 24, 1972.

Rehearing Denied June 28, 1972.

Emmett Colvin, Jr., Dallas, for appellants.

J. Taylor Brite, Dist. Atty., Jourdanton, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The convictions were for the unlawful possession of marihuana; the punishment for each appellant, five years imprisonment.

The appellants' first ground of error is that "The trial court erred in denying appellants' motions to suppress the fruits of the search and in admitting such fruits and evidence relating thereto, over objection, in

violation of the appellants' rights under the Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States."

An informant in Nuevo Laredo, Mexico, contacted Leonard Williams, a special agent employed by the United States Customs Service, on the morning of July 14, 1970. The informant had previously on numerous occasions furnished to Customs Service officers reliable information resulting in the prosecution of twelve or fifteen cases. The information received by Williams was that two young men from the Dallas area who had been there before were again in Nuevo Laredo and had contacted La Changa, a marihuana dealer. They were said to be negotiating with La Changa for a quantity of marihuana. Williams received word from the informant again at 11:30 p. m. and at 4:30 a. m. the following morning. The young men had been in Nuevo Laredo in June and had been driving a 1968 model beige Chevrolet automobile with Texas license plates KPV–885. Investigation at that time showed that automobile to be registered in the name of a person residing in Plano, Texas. The informant *believed* the young men to be driving an automobile of the same description. The informant said that the marihuana had already been smuggled into the United States and that the appellants were to accept its delivery near Cotulla, 65 miles from Laredo.

Williams alerted customs personnel at the International Bridge at Laredo to be watchful for these young men. He then contacted Pugh, the Deputy Assistant Director of Customs in San Antonio. He also called agents Reyher and Valverde, asking them to meet him at a restaurant. They met at approximately 5:15 a. m. Williams informed them concerning the investigation. Reyher and Valverde proceeded in separate vehicles to Cotulla. There they commenced a surveillance, being especially observant of the road from Cotulla to Jourdanton as this was the route the in-

former said would be followed by the suspects.

After ascertaining that he had not had any further calls at his home, Williams also started to drive to Cotulla. En route, he received a radio message from Inspector Finney, who was at the Laredo bridge. The transmission was poor and Williams could not get the complete message. He continued on toward Cotulla and after contacting the agents who had preceded him to Cotulla, he placed a telephone call to Finney.

At about 5:20 a. m. the appellants, driving a cream-colored 1968 Oldsmobile bearing license plates KPR–828, were stopped crossing the International Bridge from Nuevo Laredo to Laredo by Finney and the customs agents and immigration authorities. After they had declared their American citizenship, the appellants stated that they had baggage with them. The border search revealed a small quantity of marihuana sweepings and seeds in baggage claimed by each of the appellants. Marihuana sweepings were also found in Sanders' shirt pocket and on the automobile floorboards. After this discovery had been made, the appellants completed a form furnished by the customs agents. The appellants agreed to abandon and make no claim to the marihuana found and to its destruction by the customs agents. The appellant Hill gave his residence as Arlington, Texas, and the appellant Sanders gave his residence as Plano, Texas.

After the inspection the appellants were permitted to continue on their way.

Finney and the other agents decided that the appellants were the young men that Williams had asked them to watch for, even though the car was of a different make and the license plates were not the same but similar to those described by Williams. Finney then tried to transmit a radio message to Williams, but the transmission was not satisfactory and Williams called him later on the telephone. Finney related to Williams what had occurred at

the bridge and described the appellants and the automobile.

Williams relayed the additional information to agents Reyher and Valverde. Valverde had seen an automobile matching this description of the appellants' automobile on Highway 97 east of Cotulla going toward Jourdanton. The three officers then proceeded toward Jourdanton. Williams established contact with Pugh in San Antonio and he dispatched agent Brekke from San Antonio. Williams then made radio contact with Brekke. Upon receiving a description of the appellants and their automobile, Brekke said he had seen it being driven east toward Pleasanton. Brekke drove in that direction. He overtook the appellants as they had reached Pleasanton and had parked in front of a restaurant. The other officers soon arrived and they all maintained a surveillance on the automobile.

The appellants shortly thereafter returned to their automobile and as they were seated in the automobile the officers placed them under arrest.

Williams told the appellants he wanted to search the automobile and took the keys from the ignition and opened the trunk of the automobile. Three Mexican flour sacks filled with what was shown to be marihuana were found in the trunk. There was a sprig of marihuana on the right front floorboard of the automobile.

We do not agree with appellants' contention that probable cause to search the automobile was lacking.

■ "The existence of probable cause is a factual matter that calls for the determination of a factual question." Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) (dissenting opinion).

In his first two telephone calls the informant made available the following information: he had just identified two young men from the Dallas area about whom he had given information to customs officials the previous month; they were again in Nuevo Laredo negotiating with La Changa, a known marihuana dealer, for a quantity of marihuana; he believed the two individuals were using the same automobile they had used when they had been in Laredo a month earlier.

In the telephone call made at approximately 4:30 a. m. the officers were furnished the additional information that the marihuana had already been smuggled into the United States; the two young men from the Dallas area would be leaving Nuevo Laredo, Mexico, shortly, going to Cotulla, Texas; and that the individuals would pick up the marihuana in Cotulla, and after obtaining the marihuana they would proceed on State Highway 97 toward Jourdanton.

Between midnight and 7:00 a. m., only one lane of traffic was kept open across the International Bridge at Laredo. During the night while the officers were watching, only one automobile crossed the border from Nuevo Laredo which resembled the car the informant believed appellants were using. It was one of the same color and year as the one used in June, and it crossed the bridge within an hour of the informant's call at 4:30 a. m. Although the automobile did not match the exact description given by the informant for the automobile used in June and which he believed was being used again, it bore such a close resemblance that the officers at the bridge in Laredo thought it could have been mistaken for the automobile used in June. The only occupants of the automobile were two young men from the Dallas area. Marihuana stems, seeds and scrapings were discovered on the floor, in the trunk of the automobile, in the occupants' suitcases and in the pocket of one of the individuals as well. The automobile traveled north on Interstate 35 to Cotulla, then turned on Highway 97 and proceeded on to Jourdanton and Pleasanton.

■ Under the "common-sense teachings" of United States v. Ventresca, 380

U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Spinelli v. United States, *supra,* and United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971), we conclude that probable cause for the warrantless search of the automobile existed. The facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a man of reasonable caution to believe that the automobile contained marihuana. The search of the automobile was not unreasonable. The constitutional rights of the appellants were not violated by the search. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). See and compare Kwant v. State, 472 S.W.2d 781 (Tex.Cr.App.1971); Mottu v. State, 472 S.W.2d 522 (Tex.Cr.App.1971); Muggley v. State, 473 S.W.2d 470 (Tex.Cr.App. 1971); Weeks v. State, 417 S.W.2d 716 (Tex.Cr.App.1967), cert. denied 389 U.S. 996, 88 S.Ct. 500, 19 L.Ed.2d 494 (1967).

Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959) and Almendarez v. State, 460 S.W.2d 921 (Tex. Cr.App.1970), cited and relied upon by the appellants, appear to support rather than to require a different result than that reached in this case.

■ In the second ground of error it is alleged "that the evidence as to Appellant Hill (being merely a passenger in the automobile) is insufficient to support his conviction . . ." Between the time appellant Hill completed the federal "Report of Personal Search" form in Laredo at 5:30 a. m. and the time the automobile was searched 140 miles away in Pleasanton "shortly after 9:00 a. m." three "Mexican flour sacks . . . that would usually hold, say, fifty or seventy pounds of flour" that were "fairly full of marihuana" were placed in the trunk of appellants' automo-

bile. This circumstance would strongly suggest complicity on the part of Hill, one of two occupants of the vehicle, with regard to the presence of the sacks in the trunk of the car when it was searched in Pleasanton. We need not rely solely upon this fact, though, for at the time the automobile was searched the second time, a three-inch "twig or sprig" of marihuana was discovered on the floor of the automobile on the passenger side. The evidence is sufficient to sustain Hill's conviction. Aldridge v. State, 482 S.W.2d 171 (Tex. Cr.App.1972). This ground of error is overruled.

■ By way of a supplemental brief, appellants urge that Article 725b, Vernon's Ann.P.C., is unconstitutional because it classifies marihuana as a narcotic drug. Reliance is had upon People v. McCabe, 49 Ill.2d 338, 275 N.E.2d 407 (1971). We are not persuaded. In rejecting this contention we offer the following observation made by Chief Justice Underwood of the Supreme Court of Illinois in his dissenting opinion in *McCabe* as being more sound than that of the majority.

"The majority's lengthy discussion of the characteristics and effects of marijuana as compared to other prohibited drugs clearly illustrates that no two drugs are identical and that marijuana is also quite different from the stimulant or depressant drugs with which defendant seeks to classify it. The fact that a substantial body of scientific and medical opinion now considers marijuana to be more nearly like [a dangerous drug] does not, in my opinion, necessitate the conclusion that there was no rational basis for the classification in question. Medical and scientific opinion is even now by no means unanimous in condemnation of classifications of marijuana with 'hard drugs' . . . *In the absence of more nearly conclusive evidence that the legislative judgment was devoid of any rational basis, a finding of unconstitutionality is unwarranted, for few*

*rules of law are more soundly bottomed than that which proscribes judicial interference with legislative discretion."* 275 N.E.2d at 415. (Emphasis added).

Appellants' third ground of error is overruled. Durham v. State, 466 S.W.2d 758 (Tex.Cr.App.1971); Reyna v. State, 434 S.W.2d 362 (Tex.Cr.App. 1968).

The judgments are affirmed.

Opinion approved by the Court.