Charles Richard **AYCOCK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 627–92.

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1992.

---

further argued that Texas law provides more safeguards on search and seizure issues than does the Fourth Amendment. In its opinion, however, the Court of Appeals did not specifically address the search's validity under Texas law, but rather relied upon cases interpreting the Fourth Amendment.

This Court has held that when analyzing claims under Article I, § 9 of the Texas Constitution, we will no longer be bound by decisions construing the Fourth Amendment. *Heitman v. State*, 815 S.W.2d 681, 690 (Tex.Cr.App.1991). Furthermore, the courts of appeals are required to address every issue that is raised and necessary to a final disposition of the appeal. Tex. R.App.Proc. 90(a). Therefore, we vacate the judgment of the Court of Appeals and remand the cause to that court to address appellant's point of error under Texas law.

Peter Adams, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Carol M. Cameron and Carol Davies, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

In accordance with his plea of guilty, appellant was convicted of possession of cocaine and his punishment was assessed at seven years deferred adjudication probation. The Court of Appeals affirmed this conviction. *Aycock v. State*, 828 S.W.2d 516 (Tex.App.—Houston [14th] 1992). Appellant brings two grounds for review arising out of the Court of Appeals' disposition of his point of error concerning the denial of his motion to suppress. We will grant appellant's second ground for review.

Appellant contends the Court of Appeals upheld a warrantless search of his person and his luggage under the United States Constitution without considering the validity of the search under Texas law. In his brief below, appellant argued that the warrantless search was invalid under Texas law because none of the exceptions to the warrant requirement were present. He