Jose Altagarcia DeJESUS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–01071–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1997.

Kurt B. Wentz, Houston, for Appellant.

John B. Holmes, Keli Pool Roper, Houston, for Appellee.

· Before COHEN, WILSON and HEDGES, JJ.

## OPINION

COHEN, Justice.

The court found appellant guilty of possession of cocaine with intent to deliver and assessed punishment at 20 years in prison. We affirm.

### Facts

Appellant flew into Houston Intercontinental Airport on a flight from Guatemala. An airport immigration inspector suspected he might be smuggling drugs and referred him to U.S. Customs for further investigation. Appellant appeared very nervous during questioning (glassy eyed, slurred speech, shaking hands), gave inconsistent stories regarding his employment, did not eat on his flight, and was carrying anti-diarrheal medication commonly used by "swallowers" (smugglers who transport drugs by swallowing them and passing them later). Appellant was handcuffed and transported to a hospital for abdominal x-rays. Initially, appellant refused to consent to the x-ray. Once at the hospital, however, appellant consented to the x-ray and admitted to swallowing cocaine. The x-rays revealed numerous pellets in his colon. Appellant eventually expelled 66 cocaine pellets weighing 813 grams.

### Search and Seizure

In a single point of error, appellant claims his motion to suppress evidence should have been granted because his right against unlawful searches and seizures under article I, section 9 of the Texas Constitution was violated. Specifically, appellant claims he was illegally arrested without probable cause when he was handcuffed and transported to a local hospital for an abdominal x-ray.

The Texas Constitution may be interpreted to provide greater protection in some cases than the United States Constitution. *Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim.App.1991). The Texas Constitution, however, "does not guarantee an individual any greater rights at the border against unreasonable searches and seizures than does the United States Constitution." *Aycock v. State*, 863 S.W.2d 183, 186 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

Federal law recognizes the border search doctrine as an exception to the fourth amendment requirement of probable cause. *United States v. Montoya de Hernandez*, 473 U.S. 531, 537–38, 105 S.Ct. 3304, 3308–09, 87 L.Ed.2d 381 (1985). If a customs agent reasonably suspects a traveler is smuggling contraband in his alimentary canal after considering all of the facts surrounding the traveler and his trip, the traveler may be detained beyond the scope of a routine customs search and inspection. *Id.*, 473 U.S. at 541, 105 S.Ct. at 3310. Under this standard, border officials must have a "particularized and objective basis for suspecting the particular person of alimentary canal smuggling." *Id.* 473 U.S. at 541–42, 105 S. Ct at 3311. The facts, as stated above, support an inference that appellant was an alimentary canal smuggler. Further, the length of appellant's detention was not unreasonable. *See id.* (16-hour detention of alimentary canal smuggler in order to wait on bowel movement permissible where smuggler had option to consent to x-ray). Appellant's consent and confession, therefore, were not the result of an unlawful search and seizure.

We overrule the sole point of error.